UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENSYLVANIA

EDWARD ESPOSITO, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

COLLECTION MANAGEMENT COMPANY,
d/b/a CREDIT MANAGEMENT COMPANY,

    Defendant.

_____/

Case No.  2:23-cv-335

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

**NOW COMES** EDWARD ESPOSITO ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of COLLECTION MANAGEMENT COMPANY, d/b/a CREDIT MANAGEMENT COMPANY ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp*., 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA and FDCPA are federal statutes.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled in Pittsburgh, Pennsylvania.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Brooklyn, New York.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a debt collection agency that collects debts owed to third parties. Defendant maintains its principal place of business in Pittsburgh, Pennsylvania.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1621.

14. At all times relevant, Plaintiff's number ending in 1621 was assigned to a cellular telephone service.

2

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In March 15, 2022, Mt. Sinai Hospital ("the hospital") scheduled a radiology appointment for Plaintiff in error, which resulted in a balance owed of $55.89 ("subject debt").

17. At some point in time, the hospital placed the subject debt with Defendant for collection after Plaintiff allegedly defaulted on the subject debt.

18. In October 2022, Plaintiff started receiving pre-recorded collection calls from Defendant in an attempt to collect the subject debt.

19. Shortly after the collection calls began, Plaintiff answered a call from Defendant and requested that Defendant cease its harassing collection calls.

20. Despite Plaintiff's verbal request to cease its calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

21. Plaintiff answered approximately six (6) calls from Defendant and demanded it cease calls to his cellular phone.

22. On October 31, 2022, fed up with Defendant's collection calls and its refusal to honor Plaintiff's requests that the calls cease, Plaintiff sent a correspondence to Defendant.

23. In Plaintiff's correspondence to Defendant, Plaintiff stated that he disputed the debt and that he did not believe that he owed the balance on the subject debt.

24. Furthermore, Plaintiff demanded that Defendant CEASE and DESIST all future calls to him and to update its records immediately to reflect that he demanded Defendant's phone calls to cease.

25. Plaintiff's correspondence fell on blind eyes and Defendant continued placing harassing collection calls to Plaintiff's cellular phone, including calls from phone number (833) 417-2659.

26. In most of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone.

27. It was clear to Plaintiff that Defendant's calls and voicemails utilized an artificial and/or prerecorded voice ("robocalls") because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration, (3) the voicemails were all monotone and were conspicuously not left by a live representative; and (4) none of the voicemails identified Plaintiff by name.

28. In total, Defendant placed no less than fifteen (15) prerecorded collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

29. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

30. Defendant's harassing collection calls invaded Plaintiff's privacy and caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to file this lawsuit to compel Defendants to cease their abusive collection practices.

## CLASS ALLEGATIONS

33. Paragraphs 13 through 32 of this Complaint are incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to the hospital; (6) within the four years preceding the date of this complaint through the date of class certification.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released.

**A.     Numerosity**

36.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

37.    The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

38.    The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

39.    The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

40.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

41.    Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

42.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

43.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.   Adequate Representation

47. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48. Plaintiff has no interests antagonistic to those of the Putative Class and Defendants have no defenses unique to Plaintiff.

49. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class against Defendants)**

50. Paragraphs 13 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

52. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than fifteen (15) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

53. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

54. Defendant did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided his number to Defendant or otherwise consented to Defendant's calls, and (2) Plaintiff revoked any prior consent that Defendant may have believed they had by requesting that the collection calls cease verbally and in writing.

55. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

57. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, respectfully requests the following relief:

    a.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b.    a judgment in Plaintiff's favor and against Defendants for violations of 47 U.S.C. § 227 (b)(1)(A)(iii);

  c. an order enjoining Defendants from placing further violating calls to similarly situated consumers;

  d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violation of the TCPA;

  e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each willful violation of the TCPA; and

  f. any further relief this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually against Defendant)

58. Paragraphs 13 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

59. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

60. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone on multiple occasions.

61. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

62. Defendant violated § 1692c(a)(1) by placing at least sixteen (16) collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

63. Specifically, since Plaintiff did not want *any* calls from Defendant, any call placed by Defendant after the initial cease request was placed at a time that Defendant knew was an inconvenient time for Plaintiff.

**b. Violations of FDCPA § 1692d**

64. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

65. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

66. Defendant violated §§ 1692d and d(5) by placing at least sixteen (16) collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt *after* Plaintiff initially requested that the collections calls cease.

67. Defendant's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone number is inherently harassing and abusive.

68. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant had actual knowledge that Plaintiff did not want to be called on his cellular phone.

69. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made multiple requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

70. As set forth above, Plaintiff was injured by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff respectfully requests the following relief from this honorable court:

a. A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

b. An award of statutory damages in the amount of $1,000.00;

c. An award of actual damages;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 28, 2023                                    Respectfully Submitted,

**EDWARD ESPOSITO**

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com